UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. BETSY ELLEN WESLEY, | ) |
| Plaintiff, | ) No. 21 C 2948 |
| v. | ) Judge Pacold |
| DENIS McDONOUGH, Secretary of Veterans Affairs, | ) Magistrate Judge Jantz |
| Defendant. | ) |

**JOINT STATUS REPORT**

Pursuant to the court's September 24, 2021 minute entry (Dkt. 12), the parties in this administrative appeal jointly submit the following status report:

**1. Summary of Claims**

Plaintiff Betsy Allen Wesley filed this lawsuit in the wake of being removed from her job as a VA doctor. Count One alleges that the VA violated her due process rights by suspending her pay during the months before her removal. Count Two alleges that the VA's final agency decision upholding her removal was arbitrary and capricious.

**2. Statement of Relief Sought**

Wesley seeks $209,792 in pay for the period from December 10, 2018 to August 27, 2019; back pay at the rate of $290,000 per year from August 27, 2019 to the date of her requested reinstatement; $1,122.30 in insurance premiums; and an order overturning the VA's decision or remanding the decision for a new hearing in front of the VA's Disciplinary Appeals Board.

**3. Referral**

The district judge referred this case to the magistrate judge "for the purpose of holding proceedings related to: discovery supervision and scheduling, to set a deadline to file amended

pleadings, to set a dispositive motions schedule, and for settlement." Dkt. 11.

**4.    Status of Briefing**

No briefing is pending on any matters that have been referred to the magistrate judge. Pending before the district judge is the VA's motion to dismiss: Wesley's response is due by October 15, 2021, and the VA's reply is due by October 29, 2021.

**5.    Existing Discovery, Pre-Trial Order, or Trial Deadlines**

No discovery, pre-trial, or trial-related deadlines are in place.

**6.    Discovery**

The parties disagree about whether discovery should be conducted in this case.

**Plaintiff's position:** Wesley's position is that discovery should take place similar to a regular civil trial's discovery process because there is not opportunity for discovery in a proceeding before the Disciplinary Appeals Board ("DAB") and no statute or regulation restricts discovery in a DAB case before this court, making it inappropriate to restrict the normal discovery process (note, in the interest of full disclosure one district court has addressed the issue of whether to treat an appeal under 38 U.S.C. § 7462 as an "AP Docket" case without discovery, Kreso v. Shinseki, 11-cv-02378-REB-MJW (D. Colo. 2011), but the case is not binding authority and the ruling was based primarily in reference to local court rules).

**Defendant's position:** The VA's position is that no discovery is appropriate in this administrative appeal. A lawsuit filed under 38 U.S.C. § 7462(f)(1) turns on whether the VA's final agency decision was arbitrary and capricious, which is determined on the basis of the administrative record. *See* 38 U.S.C. § 7462(f)(2); *Pocha v. McDonald*, 2016 WL 916417, *4 (D. Minn. Mar. 10, 2016) (standard under 38 U.S.C. § 7462(f)(2) "mirrors the standards for judicial review of other administrative actions, and analogous administrative law precedents are

applicable"). If Wesley believes that her ability to make her case in front of the DAB was hampered by her inability to obtain certain discovery, then her remedy in the district court would be to argue that the VA's decision was "obtained without procedures required by law." 38 U.S.C. § 7462(f)(2)(B); *Riano v. McDonald*, 833 F.3d 830, 836 (7th Cir. 2016) (finding no due process violation where the DAB disallowed certain testimony).

**7.     Settlement**

The parties are not actively discussing settlement.

Respectfully submitted,

 s/ Joshua Kahn
JOSHUA KAHN
The Law Offices of Eric Pines, PLLC
10101 Fondren Road #575
Houston, Texas 77096
(832) 533-3242
josh@pinesfederal.com

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Alex Hartzler
     ALEX HARTZLER
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 886-1390
     alex.hartzler@usdoj.gov